UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                          Case No. 8:10-CV-383-T-30AEP

DIAMOND TITLE OF SARASOTA, INC.,
JLO PROPERTIES, LLC AND MURRAY
LIMBERG,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant JLO PROPERTIES, LLC's Motion to Dismiss the Second Amended Complaint (Dkt. # 17) and Plaintiff's Response to Motion (Dkt. # 18). After careful examination, the Court finds that the Defendant's Motion to Dismiss should be denied.

## Background

Zurich American Insurance Company ("Zurich") entered into a contract of Title Agents, Abstractors and Escrow Agents Escrow and Omissions Liability Insurance with Diamond Title of Sarasota, Inc. ("Diamond Title"), which was in effect from November 9, 2007, to November 9, 2008. Before this policy was issued, Steadfast Insurance Company ("Steadfast"), a wholly owned subsidiary of Zurich, was the contracting party with Diamond

Title.

On April 4, 2008, JLO Properties, LLC ("JLO") sued Diamond Title and others in Sarasota County Circuit Court for damages based upon fraudulent misrepresentation. A verdict was entered in favor of JLO against Diamond Title for $402,896.61 on January 14, 2008. During this time, Diamond Title requested that Zurich investigate a claim by Murray Limberg ("Limberg").

On April 2, 2009, a criminal complaint for conspiracy, bank fraud, wire fraud, and false statements was filed against Lisa Rotolo of Diamond Title. Zurich attempted to investigate these claims by examining Rotolo under oath, but she invoked the Fifth Amendment and refused to answer any questions.

On December 28, 2009, Zurich filed a Complaint for Declaratory Relief in this Court. Zurich requests a declaration that it and Steadfast have no duty to defend or indemnify Diamond Title in the JLO action and the Limberg claim for three reasons: (1) Rotolo failed to cooperate with the examination, which was required under the policy; (2) the damages for the Zurich lawsuit and Limberg claim are not within the scope of the policy; and (3) the policy doesn't apply to "intentional, criminal, fraudulent, malicious, or dishonest" acts. (Dkt. # 16, p. 7). JLO now seeks a Motion to Dismiss the Complaint because JLO can bring a state court action against Zurich.

**Motion To Dismiss Standard**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the plaintiff's claims. The court must take the

allegations as true and accept all reasonable inferences in favor of the plaintiff. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994). Under the Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Mere conclusory statements or legal conclusions "are not entitled to the assumption of truth." *Id.* at 1950. A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### Zurich's Claims Against JLO

Under 28 U.S.C. § 2201, any court, for a case or controversy within its jurisdiction, "may declare the rights and other relations of any such interested party seeking such declaration." JLO acknowledges this Court's broad discretion to entertain Zurich's declaratory relief claim. (Dkt. # 17, p.3). JLO wishes this court to dismiss the complaint because "the state court forum will afford full relief to the parties without the necessity of a parallel declaratory judgment action in federal court." *Id.* at 2. But there is no action pending in state court, so there will not be a parallel declaratory judgment. Although JLO claims a state suit is "imminent," one has not been filed. "A court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues. It is an abuse of discretion, however, to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Federal*

*Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1236, 1247 (11th Cir. 2000). Therefore, this Court will not dismiss the complaint for a nonexistent parallel suit.

JLO also accuses Zurich of forum shopping by choosing to file for declaratory relief before a state suit could be filed. JLO states that "the practical effect of the declaratory judgment action in federal court . . . will be to unfairly deprive JLO of its right to determine the timing and forum of its suit . . . ." JLO's judgment for $402,896.61 was entered on January 14, 2008, the criminal complaint was filed April 2, 2009, and Rotolo refused to answer questions on October 12, 2009. The initial complaint wasn't filed until December 28, 2009. (Dkt. # 1). Zurich did not file its complaint immediately, and JLO had just as much time as Zurich to choose its own forum and file its suit. "[D]ismissal of a federal declaratory suit is not mandatory simply because it is filed in anticipation of another proceeding." *Clark Construction Group, LLC v. Travelers Excess & Surplus Lines Co.*, 470 F. Supp. 2d 1350, 1351 (M.D. Fla. 2006).

Because JLO fails to assert a meritorious argument for failure to state a claim upon which relief can be granted under rule 12(b)(6), this Court denies JLO's motion to dismiss the complaint as to the claims against JLO.

## Zurich's Claims Against Limberg

JLO also claims that Limberg was frivolously added as a defendant in an attempt to ensure that there could not be parallel actions; however, since there is no state court action pending, that is a non-meritorious argument. But JLO also argues that Zurich fails to state a cause of action for declaratory relief as to Limberg.

In Zurich's complaint, Zurich named Limberg as a co-defendant.  Zurich states that "Diamond Title presented a claim to Steadfast regarding Limberg and requested Zurich to investigate his claim."  (Dkt. # 16, p. 2).  But Zurich never states who Limberg is, if or how he is involved with the JLO action, what claim he had, or whether the claim was ever pursued.  None of the exhibits attached to the complaint reference, or even mention, Limberg.

Limberg may or may not be a proper party to this case, but, either way, such claim does not affect JLO's Motion to Dismiss.

It is therefore ORDERED AND ADJUDGED that Defendant JLO PROPERTIES, LLC's Motion to Dismiss the Second Amended Complaint (Dkt. #17) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-383.mtd 17.wpd